UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2020 OCT 14 A 9:42
CLERK
SO. DIST. GA.

UNITED STATES OF AMERICA,

VS.                                    DKT. No. 113J1; 19CRcc0243

JOHN WILLIE POWELL,
        DEFENDANT.

DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE PURSUANT TO 18 U.S.C. §3582(c)(1)(A)
        AS AMENDED BY THE FIRST STEP ALT

COMES NOW JOHN WILLIE POWELL, HEREINAFTER
"DEFENDANT" PROCEEDING WITHOUT COUNSEL
AND PURSUANT TO 18 U.S.C. §3582(C)(1)(A)
AS AMENDED BY THE FIRST STEP ACT OF
2018, AND IN SUPPORT THEREOF STATES:

I. STATEMENT OF THE CASE:

THE DEFENDANT WAS NAMED IN AN INDICTMENT
RETURNED BY A GRAND JURY ON FEBRUARY 6, 2019.
THIS INDICTMENT CHARGED A CONSPIRACY TO

— 1 —

DISTRIBUTE 50 GRAMS OR MORE OF METHAMPHETAMINE.
(COUNT ONE). EACH OF THE OTHER COUNTS WERE
SUBSTANTIVE COUNTS.

ON JUNE 19, 2019, THE DEFENDANT PLED GUILTY
TO COUNT ELEVEN IN ACCORDANCE WITH A PLEA
AGREEMENT.

A PRESENTENCE INVESTIGATION REPORT (PSR) WAS
PREPARED ON SEPTEMBER 13, 2019, AND REVISED
ON OCTOBER 11, 2019. THE COURT THEREAFTER
SENTENCED THE DEFENDANT TO A TERM OF
IMPRISONMENT TO BE FOLLOWED BY A TERM
OF SUPERVISED RELEASE. NO APPEAL OR OTHER
MOTIONS HAVE BEEN FILED.

II. DEFENDANT'S SERIOUS HEALTH CONDITIONS:

THE DEFENDANT IS WHEELCHAIR BOUND BASED
UPON B-12 DEFICIENCY, ANEMIA, AND NEUROPATHY.
THE DEFENDANT HAS BEEN PRESCRIBED THE FOLLOWING
MEDICATIONS BY DOCTOR EDWIN SCOTT AT THE
CENTER FOR PRIMARY CARE, 2011 WINDSOR SPRING
ROAD, AUGUSTA, GEORGIA: i.e. BACLOFEN FOR
MUSCLE SPASMS; 1,000 Mg. OF B-12 DAILY; MOBIC
FOR INFLAMMATION; ASPIRIN; COLACE, AND
MONTHLY B-12 INJECTIONS. THE FEDERAL
BUREAU OF PRISONS HAS NOT APPROVED THE
DEFENDANT FOR THE ABOVE PRESCRIBED MEDICATIONS

AND AS SUCH THE DEFENDANT'S MUSCLE SPASMS
HAS SERIOUSLY INCREASED.
THE DEFENDANT HAS LIKEWISE REQUESTED FROM
THE WARDEN AT THE FEDERAL CORRECTIONAL
INSTITUTION (FCI) TALLAHASSEE COMPASSIONATE
RELEASE THEREFORE, THE DEFENDANT HAS SATISFIED
HIS EXHAUSTION REQUIREMENTS.

(A) DEFENDANT'S HEALTH CONDITIONS PRESENTS
    EXTRAORDINARY AND COMPELLING REASONS

THE DEFENDANT IS SUFFERING FROM A SERIOUS
PHYSICAL AND MEDICAL CONDITION. THE DEFEN-
-DANT ALSO SUFFERS FROM A SERIOUS FUNCTIONAL
OR COGNITIVE IMPAIRMENT. SEE: U.S.S.G.
§ 1B1.13(1)(A)(ii)(I)-(II), AND (III).
THUS, THE DEFENDANT IS EXPERIENCING
DETERIORATING PHYSICAL AND MENTAL
HEALTH BECAUSE HIS BONE-STUCTURE IS
SUBSTANTIALLY DIMINISHING HIS ABILITY
TO PROVIDE SELF-CARE WITHIN THE ENVIRON-
-MENT OF A CORRECTIONAL FACILITY AND
THE DEFENDANT IS NOT EXPECTED TO RECOVER
FROM HIS SERIOUS DETERIORATING BONE FAILURE.
EACH DAY THE DEFENDANT EXPERIENCES PAINS
THAT MAKE MOBILITY EVEN IN A WHEELCHAIR
UNBEARABLE.

## III MEMORANDUM OF LAW:

18 U.S.C. §3582(c)(1)(A) & U.S.S.G § 1B1.13 PROVIDES THIS COURT THE AUTHORITY TO GRANT THE DEFENDANT COMPASSIONATE RELEASE AND UNDER THE EXTRAORDINARY AND COMPELLING CIRCUMSTANCES PRESENTED BY THE DEFENDANT WARRANTS COMPASSIONATE RELEASE.
GIVEN THE PUBLICLY-REPORTED COMMUNITY SPREAD OF COVID-19 IN THE WORLD COUPLED WITH THE HIGH RISK OF EXPOSURE WITHIN CORRECTIONAL FACILITIES THROUGHOUT THE UNITED STATES, THE DEFENDANT CANNOT MAINTAIN SAFE DISTANCINGS NOR CAN THE DEFENDANT ADEQUATELY MAINTAIN PROPER HYGENIEN WITHIN THE CORRECTIONAL FACILITY.
OTHER COURT'S HAVE FOUND COMPASSIONATE RELEASE PROPER. SEE UNITED STATES V. WILLIS, 382 F. SUPP. 3d 1185, 1187-89 (D.N.M. JUNE 7, 2019)(GRANTING COMPASSIONATE RELEASE WHERE DEFENDANT WAS WHEELCHAIR BOUND, BLIND, REQUIRED 24/7 CARE).
HERE, THE DEFENDANT ARGUES THAT HE SHOULD BE RELEASED DUE TO HIS SERIOUS HEALTH CONDITIONS COUPLED WITH THE HIGH RISK OF CONTRACTING THE DEADLY COVID-19 INSIDE THE ENVIRONMENT OF THE CORRECTIONAL FACILITY.

INDEED, THE DEFENDANT IS AT A GREATER RISK OF CONTRACTING THE DEADLY COVID-19 BECAUSE THE DEFENDANT IS WHEELCHAIR BOUND 24/7 AND THE CORRECTIONAL FACILITY WHERE THE DEFENDANT IS CURRENTLY HOUSE DOES NOT AUTHORIZE THE DOCTOR PRESCRIBED MEDICATIONS NECESSARY TO THE CONTROL OF THE DEFENDANT'S DETERIORATING BONE AND MUSCLE CONDITIONS. HENCE, THE FACT THAT THE DEFENDANT IS WHEELCHAIR BOUND 24/7 SUBSTANTIALLY DIMINISHES HIS ABILITY TO PROVIDE SELF-CARE WITHIN THE ENVIRONMENT OF A CORRECTIONAL FACILTY AND FROM WHICH HE IS NOT EXPECTED TO RECOVER. U.S.S.G. § 1B1.13 CMT. N. 1(A)(ii)(I).

THUS, THE CONDITIONS FOR WHICH THE DEFENDANT COMPLAINS ARE CONSIDERED "EXTRAORDINARY AND COMPELLING" CIRCUMSTANCES AS WITHIN THE POLICY STATEMENT OF § 1B1.13. FURTHERMORE, THE DEFENDANT DOES NOT POSE A DANGER TO THE SAFETY OF ANY OTHER PERSON OR TO THE COMMUNITY, AS PROVIDED IN 18 U.S.C. § 3142(g).

IN SHORT, THE DEFENDANT DEPENDS ON A WHEELCHAIR TO MOVE ABOUT AND WHILE THE BOP DOES NOT AUTHORIZE THE MEDICATIONS NECESSARY FOR THE CONTROL OF THE DEFENDANT'S

SERIOUS HEALTH CONDITIONS, THE DEFENDANT'S
EIGHTH AMENDMENT RIGHT TO ADEQUATE TREATMENT
DUE TO HIS MEDICAL CONDITION, AND THE BOP'S
REFUSAL TO ALLOW DEFENDANT'S PRESCRIBED
MEDICATIONS MILITATE IN FAVOR OF COMPASSIONATE
RELEASE. SEE: UNITED STATE V. KIDDER, 869
F. 2d 1328, 1330 - 31 (9TH CIR. 1989).


IV. CONCLUSION:

WHEREFORE ALL THE REASONS, THE COURT
SHOULD GRANT DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE, ANY ALL OTHER
RELIEF TO WHICH THE COURT DEEMS JUST.

RESPECTFULLY SUBMITTED

JOHN WILLIE POWELL
REG. NO. 23026 - 021
FEDERAL DETENTION CENTER
501 CAPITAL CIRCLE N.E.
TALLAHASSEE, FLORIDA
32301

- 6 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE
FOREGOING MOTION FOR COMPASSIONATE
RELEASE HAS BEEN PROVIDED VIA U.S.
MAIL, POSTAGE PREPAID THIS 5 DAY
OF October , 2020 TO:

TARA M. LYONS
ASSISTANT U.S. ATTORNEY
600 JAMES BROWN BLVD. SUITE 200
AUGUSTA, GEORGIA 30901

JOHN WILLIE POWELL

Second Circuit panel rules unanimously that district courts have broad discretion to consider "any extraordinary and compelling reason for release that a defendant might raise"

We are very pleased to see the first of what may soon be many circuit rulings on the reach and application of the compassionate release provisions amended by the federal FIRST STEP Act. Many academics and legal pundits made much of the provision of the FIRST STEP Act allowing federal courts to directly reduce sentences under the (so-called compassionate release) statutory provisions of 18 U.S.C. § 3582(c)(1)(A) without awaiting a motion by the Bureau of Prisons. This provision has been considered a big deal because, if applied appropriately and robustly, it could and should enable many hundreds (and perhaps many thousands) of federal prisoners to have excessive prison sentences reduced. COVID realities, of course, raised the need for and stakes of this important provision of federal sentencing law.

The first significant circuit ruling on the reach and application of this statute is a great one, coming from a Second Circuit panel in US v. Zullo, No. 19-3218-CR (2d Cir. Sept. 25, 2020) . Here are just a few excerpts from the 21-page opinion:

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), was simultaneously monumental and incremental. Monumental in that its changes to sentencing calculations, mandatory minimums, good behavior credits and other parts of our criminal laws led to the release of thousands of imprisoned people whom Congress and the Executive believed did not need to be incarcerated. Incremental, in that, rather than mandating more lenient outcomes, it often favored giving discretion to an appropriate decisionmaker to consider leniency.

This case reflects that dichotomy. The First Step Act provision we analyze overturned over 30 years of history, but at the same time it often did no more than shift discretion from the Bureau of Prisons ("BOP") to the courts. We must today decide whether the First Step Act empowered district courts evaluating motions for compassionate release to consider any extraordinary and compelling reason for release that a defendant might raise, or whether courts remain bound by U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 1B1.13 Application Note 1(D) ("Application Note 1(D)"), which makes the Bureau of Prisons the sole arbiter of whether most reasons qualify as extraordinary and compelling. Because we hold that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act, we vacate and remand the district court's contrary decision....

For all of these reasons, the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion....

Nor can we say, as a matter of law, that a court would abuse its discretion by granting someone compassionate release on this record. It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Id. Beyond this, a district court's discretion in this area  as in all sentencing matters  is broad. See United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (en banc) (noting a district court's "very wide latitude" in sentencing). The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation  alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added).

In the instant case, Zullo does not rely solely on his (apparently extensive) rehabilitation. Zullo's age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence might perhaps weigh in favor of a sentence reduction. Indeed, Congress seemingly contemplated that courts might consider such circumstances when it passed the original compassionate release statute in 1984. See S. Rep. No. 98-225, at 55-56 (1984) (noting that reduction may be appropriate when "other extraordinary and compelling circumstances justify a reduction of an unusually long sentence" (emphasis added)); see also United States v. Maumau, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *6-*7 (D. Utah Feb. 18, 2020) (further discussing this history and collecting cases where district courts have reduced sentences in part because they were overly long).

John Powell 2302602y
FCI Tallahasse
Pobox 5000
Tallahasse FL 32314



Tallahassee P&DF 323
THU 08 OCT 2020 PM

Federal Justice Center
U.S. Courthouse
600 James Brown Boulevard
Augusta GA 30901