**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| JOHN WILLIE POWELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV 121-023 |
| | ) | (CR 119-024) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S MOTION TO DISMISS
## POWELL'S 28 U.S.C. § 2255 MOTION

Movant John Willie Powell moves under 28 U.S.C. § 2255 to vacate his conviction and sentence, alleging ineffective assistance of counsel. (Docs. 102-1, 104.)[1] This Court should dismiss Powell's motion because the undisputed facts establish that his § 2255 motion was filed more than a year after he was sentenced and, thus, is time-barred under § 2255(f).

## BACKGROUND

In June 2019, Powell, under a written plea agreement, pled guilty to the offense of distribution of five grams of more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (PSR ¶¶ 2, 4.) By entering into the plea agreement, Powell avoided exposure to further sentencing liability.[2] (PSR ¶ 59.) The presentence

---

[1] Record citations are to the docket in the underlying criminal case.

[2] Had Powell been convicted of all the offenses for which he was charged in the indictment, including conspiracy to distribute 50 grams or more of methamphetamine, his sentence would have resulted in a mandatory term of ten years' imprisonment. (PSR ¶ 59.)

investigation report (PSR) reflected Powell had a total offense level of 29, a criminal history category of II, and an advisory guideline range of 97 to 121 months' imprisonment. (PSR ¶ 58.) In November 2019, this Court sentenced Powell to 97 months' imprisonment. (Doc. 77.) The Court entered its judgment on November 27, 2019. (Doc. 79.) Powell did not directly appeal.

On October 5, 2020, Powell filed a motion requesting early release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 87.) On November 3, 2020, he submitted a supplement to his § 3582(c)(1)(A) motion. (Doc. 93.) The Court ultimately denied the motion. (Doc. 94.)

On February 1, 2021—over 14 months after he was sentenced—Powell filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Docs. 102-1, 104.) He also filed a motion for leave to file his § 2255 motion out of time, claiming that although he only started drafting his motion in October 2020, he had "very limited, barely any, resources needed to prepare his motion" due to the COVID-19 pandemic. (Doc. 103.) He also claimed that he was transferred from FCI Tallahassee to FCI Butner Medium II on December 22, 2020. (Doc. 103.) Powell is incarcerated at FCI Butner Medium II, located in Butner, North Carolina, with a projected release date of February 6, 2026.[3]

---

[3] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Feb. 18, 2020). Projected release date indicates release from BOP custody and may not reflect date by which BOP will consider defendant for placement in a halfway house, a residential reentry center or home confinement.

**BURDEN OF PROOF**

The government may move to dismiss a petitioner's motion to vacate his sentence. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

**ARGUMENT**

**A.** ***Powell's 28 U.S.C. § 2255 motion is untimely and must be dismissed under § 2255(f)(1).***

Powell's § 2255 petition challenges that his attorney was ineffective for numerous reasons. However, under 28 U.S.C. § 2255(f)(1), there is a one-year statute of limitations, running from "the date on which the judgment of conviction becomes final." Powell's judgment was entered on November 27, 2019, and his conviction became final on December 11, 2019.[4] As such, Powell had until December 11, 2020, in which to file his § 2255 motion. *See Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012). But he did not file his § 2255 motion until February 1, 2021. (Docs. 102-1, 104.) Thus, Powell's motion is time-barred by § 2255(f)(1). *See Doe*, 469 F. App'x at 800. That is, unless he can show he is entitled to equitable tolling. *See id*. He cannot.

In a § 2255 proceeding, a court may equitably toll the limitations period where the "movant untimely files because of extraordinary circumstances that are both

---

[4] Under Federal Rule of Appellate Procedure 4(b)(1)(A), Powell had 14 days in which to appeal his conviction and sentence.

3

beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). This is an "extraordinary remedy" for "rare and exceptional circumstances," and, thus, is "applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). It is Powell's burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (explaining petitioner has burden of establishing both prongs).

Here, Powell does not dispute that he is outside the one-year limitation but contends he is entitled to equitable tolling because, "due to the COVID-19 pandemic, [he] has very limited, barely any, resources needed to prepare his motion. Further, in November 2020, Powell was moved from FCI Tallahassee to FCI Butner Medium on December 22, 2020." (Doc. 103 at 2.) Yet, Powell has not shown that, under the *actual* circumstances of his case, he was pursuing his rights diligently. *See Jackson v. Sec'y, Dep't of Corrections*, 782 F. App'x 774, 778 (11th Cir. 2019) ("Jackson's hypothetical fails to address his burden: to show that he was reasonably diligent under the *actual* circumstances of his case . . . ."). In fact, other than generalized and conclusory allegations, Powell does not provide any explanation or evidence demonstrating that he was diligently pursing his rights. For example, Powell does not explain what resources were necessary to draft his § 2255, and why he did not have access to those resources within the one-year timeframe. This is particularly true where AO 243, the § 2255 form provided by the Administrative Office of the U.S.

4

Courts and on which Powell submitted his motion, does not require a defendant to cite any caselaw or present any arguments; it simply asks for facts supporting the claims. (Doc. 102-1 at 5.) *See, e.g., Sewell v. United States*, No. 10-658, 2012 WL 3277220, at *3 (M.D. Ala. June 29, 2012) ("Ignorance of the law and lack of legal assistance, which in effect is what Sewell is asserting with his inadequate-law-library claim, generally do not warrant equitable tolling.").

Additionally, even in the context of COVID-19, Powell does not reasonably explain why he was unable to file his § 2255 motion between November 27, 2019, and October 2020, over 10 months later. "During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 prior to the lockdowns." *See United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (citing cases and holding that, despite pandemic, defendant was not entitled to equitable tolling where he had access to law library until less than a month before his one-year time-period expired); *see also Mims v. United States*, No. 20-CV-1538, 2021 WL 409954, at *4 (E.D. Mo. Feb. 5, 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion."); *Chapman-Sexton v. United States*, No. 20-CV-3661, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021) ("The record does not indicate that impact of any extraordinary circumstances imposed by COVID-19 prevented Petitioner from timely filing this

5

federal habeas corpus petition within the one-year period . . . ."); *United States v. Cruz*, No. 15-260, 2020 WL 5995260, at *2 (D. Minn. Oct. 9, 2020) ("Cruz contends that the COVID-19 pandemic prevented him from fully presenting his claims until August, nearly five months [after his deadline]. But the pandemic did not manifest in this country until mid-March. Cruz does not explain why he was unable to research and present his claims in the eleven and one-half months before April 4, 2020. He has not established that he was pursuing his rights diligently and that equitable tolling is warranted."); *United States v. Barnes*, No. 18-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."). Because Powell has not established that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion, he fails the diligence prong.

Moreover, Powell cannot meet his burden demonstrating that some extraordinary circumstance stood in his way and prevented him from timely filing by June 14, 2020. Transfers between prisons, lockdowns, and separation from legal papers are not extraordinary circumstances. *See Zamudio v. Haskins*, 775 F. App'x 614, 617 (11th Cir. 2019) ("Zamudio has also failed to allege facts showing that his prison transfers prevented him from pursing diligently his rights."); *Hess v. Sec'y, Dept. of Corr.*, No. 16-14118-E, 2017 WL 6607169, at *3 (11th Cir. Oct. 18, 2017)

("Because this Court has held that lockdowns and separations from legal papers . . . cannot constitute such extraordinary circumstances, it follows that Hess's transfer to Colorado prison, and his subsequent transfers between institutions, are not extraordinary circumstances." (citing *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997))). A denial of access to a law library is not an extraordinary circumstance for the purposes of equitable tolling. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). Moreover, a petitioner's *pro se* status, illiteracy, lack of English proficiency, and dependence on the assistance of others do not qualify as extraordinary circumstances. *See Perez v. Florida*, 519 F. App'x 995, 996, 997 (11th Cir. 2013) ("An inability to understand English does not constitute extraordinary circumstances . . . [and] we have not accepted a lack of a legal education and related confusion or ignorance about the law as an excuse for a failure to file in a timely fashion.").

While Powell claims that the COVID-19 pandemic, in some way, prevented him from timely filing his § 2255 motion, he does not establish why, through diligence, he could not file his motion prior to December 11, 2020. None of the circumstances alleged in his motion are extraordinary and the COVID-19 pandemic, as it actually pertains to Powell, has not altered this. In fact, during this same one-year timeframe, Powell was able to file a compassionate release motion with the district court (dated October 5, 2020) and a supplement (dated November 3, 2020). (Docs. 87, 93.) This demonstrates that Powell was able to draft and file legal motions and arguments with the district court. Further, given Powell was able to file his compassionate release

7

motion during this time period, he does not explain why he was unable to, at the very least, file a protective § 2255 motion prior to December 11, 2020.

For these reasons, Powell has not met his burden as to either prong of the equitable tolling doctrine, and this Court should dismiss his § 2255 motion as untimely.

Respectfully submitted,

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

BY: *s/ Justin G. Davids*

Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
justin.davids@usdoj.com

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") generated upon electronic filing in this Court. In addition, I mailed via U.S. Postal Service a paper copy to

>John Willie Powell, Reg. No. 23026-021
>Inmate Legal Mail
>FCI Butner Medium II
>Federal Correctional Institution
>P.O. Box 1500
>Butner, North Carolina 27509

Date: February 19, 2020

Respectfully submitted,

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

BY: *s/ Justin G. Davids*

Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422